UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIVANA STYLES,

                Plaintiff,

-against-

FAMILY COURT – NASSAU COUNTY, WESTBURY, LONG ISLAND; DENNIS E. MELANDRO; SADATU SALAMI-OYAKHILOME, ESQ.; TOMASINI MASTROIANNI, SUPPORT MAGISTRATE; ALYSSA EISNER OF SAGER GUELERMAN & ELSNER LLP,

                Defendants.

1:23-CV-9917 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Shivana Styles filed this *pro se* action invoking the court's federal question jurisdiction.[1] She states that the federal constitutional or federal statutory basis for her claims are: "constitutional rights," "[t]rademark owner rights X4," and "[b]locked all legal representations when seeking new counsel in 2021-2022." (ECF 1, at 2.) Plaintiff sues: (1) the New York Family Court, Nassau County; (2) Dennis E. Melandro, her ex-husband and the father of her children; (3) Sadatu Salami-Oyakhilome, Esq., Melandro's attorney; (4) Tomasina Mastroianni, a Support Magistrate of the New York, Family Court, Nassau County; and (5)

---

[1] Under Rule 5.2 of the Federal Rules of Civil Procedure, a litigant's court submission that: (1) refers to a minor child must do so by referring only to that child's name's initials; (2) refers to another person's date of birth must do so by referring only to that person's birth year; and (3) refers to another person's or another entity's financial account number must do so by referring only to that account number's last four digits. *See* Fed. R. Civ. P. 5.2(a)(2), (3), (4). Because Plaintiff's complaint reveals the full name and complete date of birth of at least one minor child, and the complete financial account number of at least one other entity, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

Alyssa Eisner, Esq., an attorney. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the applicable venue provision for Plaintiff's claims, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff does not specify where all of the defendants reside, though she does allege that all of their mailing addresses are in either Nassau or Queens County, New York (ECF 1, at 4-5); both of those counties are within the Eastern District of New York.[2] Thus, it is unclear whether this court is a proper venue for this action under Section 1391(b)(1).

Even if this court is a proper venue for this action under Section 1391(b)(1), because Plaintiff alleges that the events giving rise to her claims occurred in Nassau County, within the

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

Eastern District of New York, it is clear that the United States District Court for the Eastern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York is appropriate for this action. The underlying events allegedly occurred in Nassau County, in the Eastern District of New York. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 15, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge